# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) | |
| vs. | ) ) | NO. CR-00-58-D NO. CIV-09-1095-D |
| CHRISTOPHER G. MATHER, | ) ) | |
| Defendant. | ) | |

## ORDER

Defendant has filed a notice with the Court [Doc. No. 197] advising that he wants to withdraw his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U. S. C. § 2255. The government has filed a response, stating no objection to the withdrawal of the § 2255 motion, but suggesting that Defendant be required to provide a more specific basis for his request to withdraw to ensure Defendant understands that doing so could bar a new motion under § 2255.

As a general rule, an inmate is authorized to file one § 2255 motion, which must be filed within one year from the date the judgment of conviction becomes final, or within one year of other occurrences set forth in the statute. 28 U. S. C. § 2255(f). Where an inmate files a second or successive § 2255 motion, he is required to first seek and receive approval from the appropriate court of appeals. 28 U. S. C. § 2255(h). The Tenth Circuit Court of Appeals has held, however, that the inmate's withdrawal of a § 2255 motion prior to a decision on the merits does not bar him from pursuing a later § 2255 motion. *See Haro-Arteaga v. United States*, 199 F. 3d 1195, 1196 (10th Cir. 1999) (per curiam). In *Haro-Arteaga*, the defendant had previously filed two § 2255 motions which were withdrawn prior to a decision on the merits and without the defendant's concession that his claim lacked merit; the Circuit held that, under those circumstances, he was not required to seek its

approval prior to filing a new § 2255 motion.[1] *Id.*, at 1196.

In his notice of withdrawal, Defendant does not expressly concede that his motion lacks merit, although the notice can be interpreted as expressing a belief that his request for relief is futile. Under the circumstances present here, the Court finds that it is not necessary to require Defendant to further explain the reasons for withdrawing the motion.

The Court concludes that the § 2255 motion should be, and is, withdrawn. The civil action styled as CIV-09-1095-D is closed.[2]

IT IS SO ORDERED this 13th day of January, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] The Tenth Circuit applies the same reasoning to habeas corpus petitions filed pursuant to 28 U. S. C. § 2254, as the restriction on second or successive filings is also applicable to habeas petitions. *See, e.g., Douglas v. Workman*, 560 F. 3d 1156, 1189 n. 8 (10th Cir. 2009)(citing *Haro-Arteaga*).

[2] Consistent with the procedure of this Court, Case No. CIV-09-1095-D was opened for the sole purpose of adjudicating the § 2255 Motion.